## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS SCHMIDT** | : | |
| **CHELSIE SCHMIDT** | : | |
| **Plaintiffs** | : | |
| **v.** | : | **1:11-CV-1782** |
| | : | **(JUDGE MARIANI)** |
| **JEREMY FREELAND, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

### I. Introduction

Before the Court are Defendants' Motions to Dismiss (Docs. 13, 14). For the

reasons that follow, the Court will deny the motion of Defendants Freeland and Bitz as to

Counts I and II and dismiss with prejudice Count III under the Fourth and Fourteenth

Amendments against all defendants. As to remaining Defendants Freeland and Bitz, the

Court denies the defense of qualified immunity without prejudice at this time. Furthermore,

it is the Court's view that denial of Plaintiff's claim for punitive damages would be pre-

mature. Finally, Plaintiffs are granted leave to file an amended complaint stating a cause of

action for malicious prosecution under Pennsylvania law.

### II. Statement of Facts and Procedural History

Plaintiffs bring this 42 U.S.C. § 1983 claim for excessive force under the Fourth

Amendment (Count I against Defendant Freeland), retaliation for engaging in First

Amendment free speech (Count II against Defendants Freeland and Bitz, hereinafter

"School Defendants"), and malicious prosecution under the Fourth and Fourteenth Amendments (Count III against Freeland, Bitz, and Rissinger). Although they do not assert so in any of the Counts, Plaintiffs also allege in their Complaint (Doc. 1) that the Mechanicsburg Area School District is liable under the *Monell* theory (*Id*. at ¶ 21).

The Complaint alleges that on September 24, 2009, Defendants Freeland and Bitz questioned Chelsie Schmidt, a minor, at Mechanicsburg High School before they called her parents. (*Id*. at ¶ 6). She asked to speak to her father, Louis, and once he received the call, he drove to her school. (*Id*. at ¶ 7). Upon arrival, Louis decided to take her home. Chelsie had been in the middle of filling out a statement saying she had passed on drugs to a third person. (*Id*. at ¶¶ 8, 19). At that point, Freeland blocked the doorway and told them they were "being detained." He then shoved Louis into a wall with his stomach, causing harm to Louis. (*Id*. at ¶ 9). The Schmidts were able to get around Freeland to leave the room. (*Id*. at ¶ 10). As they were leaving, Freeland again said they could not leave and were being detained. At this point, Freeland and Bitz bracketed Louis and squeezed him between themselves. (*Id*. at ¶ 11). Freeland then grabbed Chelsie's arm to pull her back, but she broke free. (*Id*. at ¶ 12). She received medical attention for her arm and was prescribed pain medicine. (*Id*. at ¶ 24). Louis threatened to call the police, and once the Schmidts left the building, they did. (*Id*. at ¶¶ 13, 14).

Rissinger arrived on the scene, but the Schmidts left without talking to her. (*Id*. at ¶ 15). A week later, Louis received criminal charges in the mail charging him with

harassment. (*Id.* at ¶ 16). Freeland suspended Chelsie from school. (*Id.* at ¶ 18). She was later expelled for passing drugs to another student.[1] (*Id.* at ¶ 19). Louis was "exonerated" at his summary trial. (*Id.* at ¶ 23). All three defendants filed motions to dismiss (Docs. 13, 14). The motions have been fully briefed and are ripe for the Court's review.

## III. Analysis

### A. Standard of Review on Motions to Dismiss

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[W]hen presented with a motion to dismiss for failure to state a claim, . . . [the] Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1949). The "Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211. As the Supreme Court noted in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

---

[1] Defendants submitted the adjudication decision (dated November 10, 2009) from Chelsie's student disciplinary hearing (held November 3, 2009) (Doc. 19, Ex. 1).

misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted). Following *Iqbal*, it is now clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### B. School Defendants' Motion to Dismiss

The School Defendants moved to dismiss all counts against themselves and also moved to dismiss any claims against the Mechanicsburg Area School District.

<u>Mechanicsburg Area School District</u>

To prevail on a 42 U.S.C. § 1983 claim against a municipal entity, a plaintiff must show that the entity enforced a municipal policy or custom that deprived the plaintiff of a federal right. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The municipal entity's liability cannot be predicated on a theory of *respondeat superior*. *Id.* at 694. A municipal entity "can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *McTernan v. City of York*, 564 F.3d 636, 657 (3d. Cir. 2009). That is, generally a custom must be shown to be a pattern; more than a "single incident will be necessary to establish a causal connection between the incident and some municipal policy." *Brown v. City of Pittsburgh,* 586 F.3d 263, 293 (3d Cir. 2009).

Plaintiffs have not alleged a link between the municipal "decision-makers" (Assistant

Principals Freeland and Bitz) and a challenged restriction that can "fairly be said to

represent official policy." *McTernan*, 564 F.3d at 659. They point to no custom or policy

that would impose municipal liability on the Mechanicsburg Area School District. The only

allegation of a custom or policy attributable to the School District is Plaintiff's allegation that

the "School Board itself voted to expel Chelsie based upon knowingly false allegations

about dealing drugs to other students." (Doc. 18, at 4). Yet, Plaintiffs do not state how this

isolated instance in *November* 2006 establishes a custom, practice, or policy or how it is

causally related to alleged deprivations of Plaintiffs' constitutional rights in *September* 2006.

The Court, therefore, dismisses Defendant Mechanicsburg Area School District from the

case with prejudice.

## Count I: Excessive Force

Plaintiffs contend that Defendant Freeland used excessive force against both Louis

and Chelsie. Excessive force claims under the Fourth Amendment are analyzed under a

reasonableness standard. *Shuman v. Penn Manor School Dist.*, 422 F.3d 141 (3d Cir.

2005); *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989). Accepting as true Plaintiffs'

allegations in their Complaint, a seizure occurred when Freeland grabbed Chelsie's arm,

allegedly causing her injury for which she sought medical treatment. (Doc. 1, ¶¶ 12, 24).

The allegations against Freeland's "seizure" of Louis also are sufficient to enable the count

to survive a motion to dismiss, especially in light of Defendant Freeland's allegedly repeated

statements that he was detaining Plaintiffs and the physical contact that allegedly occurred. (*Id.* at ¶¶ 9, 11).

The next question is whether the seizures were objectively reasonable in context. *Abraham v. Raso*, 183 F.3d 279 (3d Cir. 1999). The Complaint mentions that Chelsie was being questioned because she was suspected of passing along drugs to a third party. As serious as such a charge is against a student, assuming the facts alleged in the Complaint as true, the force with which Freeland is said to have pulled Chelsie's arm may well have been unreasonable. Furthermore, Louis alleges that Freeland's physical contacts with him caused him to sustain injuries. At this stage, Plaintiffs have sufficiently pled an excessive force claim under the Fourth Amendment to survive a motion to dismiss.

## Count II: Retaliation

On a First Amendment retaliation claim, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action. *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006).

Assuming all the facts alleged are true, Plaintiffs threatened to call the police as was their right, putting Defendants on notice of Plaintiffs' intentions. (Doc. 1, ¶ 13). Yet it was Louis who faced criminal charges of harassment. (*Id.* at ¶ 16). Plaintiffs contested the disciplinary and harassment proceedings against them, and they claim that Chelsie was

expelled in retaliation for defending the charge that she was distributing drugs at school. (*Id.* at ¶¶ 18. 23, 26). The Complaint sufficiently alleges that the cause of all these actions against Plaintiffs were their actions in calling the police and trying to leave school grounds when School Defendants were questioning Chelsie.

### C. All Individual Defendants

### Count III: Malicious Prosecution

#### Fourth Amendment

To prevail on a claim of malicious prosecution under the Fourth Amendment, a plaintiff must show: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the defendants unlawfully "seized" plaintiffs. *Merkle v. Upper Dublin School Dist.*, 211 F.3d 782, 791 (3d Cir. 2000); *Gallo v. City of Philadelphia*, 161 F.3d 217, 222 (3d Cir. 1998). *See also Freeman v. Murray*, 163 F. Supp. 2d 478, 483 (M.D. Pa. 2001).

Assuming that the Complaint (Doc. 1) sufficiently alleges the first four elements above, the Court will dismiss Count III with prejudice because the Complaint does not allege that either School Defendants or Defendant Rissinger seized Plaintiffs with respect to this claim. Under *Dibella v. Borough of Beachwood*, 407 F.3d 599, 600-01 (3d Cir. 2005), "having to attend pretrial and trial hearings [does] not constitute a government 'seizure' in a

42 U.S.C. § 1983 malicious prosecution action predicated on the Fourth Amendment."

Plaintiffs were not arrested, indicted, or ever in police custody, and their freedom of

movement was not restricted in a significant way. *See Gallo*, 161 F.3d at 222 ("Gallo's post-

indictment liberty was restricted in the following ways: he had to post a $10,000 bond, he

had to attend all court hearings including his trial and arraignment, he was required to

contact Pretrial Services on a weekly basis, and he was prohibited from traveling outside

New Jersey and Pennsylvania."). The Complaint merely states that Louis received his

criminal charge of harassment, a summary offense,[2] in the mail, spent money to defend his

rights in local court, and was exonerated (Doc. 1, ¶¶ 16, 22-23).

## Fourteenth Amendment

Finally, although not asserted in their Complaint, Plaintiffs assert in their Brief in

Opposition (Docs. 16 at 4-8, 18 at 8-10) that Defendants maliciously prosecuted them under

the Fourteenth Amendment (substantive due process) by interfering with Plaintiffs'

fundamental right to "familial integrity." Since the Supreme Court's ruling in *Albright v.*

*Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), it appears that there is no

cause of action under the Fourteenth Amendment substantive due process for malicious

prosecution claims. Writing for a plurality, Justice Rehnquist wrote that "as a general

matter, the Court has always been reluctant to expand the concept of substantive due

process, preferring, instead, to limit substantive due process protections to matters relating

---

[2] 18 PA. CONS. STAT. § 2709. Louis received a non-traffic citation in the mail, indicating that the harassment charge was a summary offense, the least serious offense under Pennsylvania's criminal law. (Doc. 14, Ex. 1).

to marriage, family, procreation, and the right to bodily integrity." *Id.* at 271–72. Thus, the plurality found that Albright's claim "to be free from prosecution except on the basis of probable cause is markedly different from the generally recognized type of substantive due process protections" and hinting that the Fourth Amendment was a more appropriate vehicle for bringing a federal malicious prosecution claim, found that "[w]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.* at 272, 273. Likewise, the Third Circuit has expressed strong doubts that such a cause of action exists. *Merkle,* 211 F.3d at 792 ("the Supreme Court held in *Albright* that a violation of substantive due process is no basis for a malicious prosecution claim brought pursuant to section 1983."); *Torres v. McLaughlin,* 163 F.3d 169, 172 (3d Cir. 1998) ("*Albright* stands for the . . . proposition that a section 1983 claim may be based on a constitutional provision other than the Fourth Amendment. However, we note that *Albright* commands that claims governed by explicit constitutional text may not be grounded in substantive due process."); *see Gallo,* 161 F.3d at 222 (interpreting *Albright* to mean that the Fourth Amendment was the proper avenue for relief for a malicious prosecution claim brought under § 1983).

Even if there were a cognizable cause of action, Plaintiffs have not stated how Defendants' conduct "shocked the conscience" sufficiently for a Court to find a substantive due process violation. In their Brief in Opposition to School Defendants' Motion to Dismiss

9

(Doc. 18 at 9), they allege the substantive due process violations "include all of the conduct relating to [Plaintiffs'] initial detention and mistreatment, and subsequent mistreatment and retaliation against Plaintiffs for their protected speech. . . . By interjecting themselves between Chelsie and her parents the individual defendants invaded unlawfully the familial fortress."[3]  The initial detention corresponds to Plaintiffs' Fourth Amendment claim (Count I), while the retaliation corresponds to Plaintiffs' First Amendment claim (Count II).  At most, Chelsie's separation from her parents was momentary, but Plaintiffs have not alleged how this invasion of the "familial fortress" was a violation of their substantive due process rights.

Also, Plaintiffs' argument of familial integrity has no relation whatsoever to their claim that Defendant Rissinger maliciously prosecuted Louis.  Defendant Rissinger became involved only after the physical confrontation between Plaintiffs and School Defendants, and Plaintiffs nowhere allege how Louis's subsequent need to defend himself in court affected his fundamental right to "familial integrity" in any way.  Therefore, Plaintiffs have not established a plausible connection between Defendant Rissinger's actions (or inaction) and the bond between Louis and Chelsie.

The Court interprets *Albright* and its Third Circuit progeny to mean that there is no claim for malicious prosecution under the Fourteenth Amendment, and even if there were,

---

[3] The Brief in Opposition to Defendant Rissinger's Motion to Dismiss (Doc. 16 at 8) is nearly identical in its argument: "The violations of the Defendants that interfered with this right include all of the conduct relating to their initial detention and mistreatment, and subsequent mistreatment and retaliation against Plaintiffs for their protected speech, all as set forth in their complaint."

Plaintiffs have not sufficiently pled a *prima facie* case in their Complaint. The Court will dismiss Count III under both the Fourth and Fourteenth Amendments with prejudice.

The Court notes that a common law cause of action under Pennsylvania law includes four of the five elements contained in *Gallo*. 161 F.3d at 222. It appears under *Merkle*, 211 F.3d at 791, that Plaintiff has sufficiently pled a cause of action for malicious prosecution under Pennsylvania law. Accordingly, the Court will grant Plaintiffs the right to amend their Complaint to assert such a cause of action without further leave of this Court. The Plaintiffs will have twenty-one days to file an amended complaint.

Qualified Immunity

Defendants Freeland and Bitz have asserted qualified immunity as a defense to this action.[4] Government officials generally are shielded from civil liability so long as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

At this stage, Plaintiffs have sufficiently alleged specific facts against each School Defendant that he engaged in conduct which violated a clearly established constitutional right. *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990) (finding that qualified

---

[4] Because the Court will grant Defendant Rissinger's motion to dismiss, her qualified immunity defense is moot.

immunity inquiry "requires analysis not only of the clear establishment of the right that an official is alleged to have violated, but also of the specific official actions alleged to have violated the right."). As assistant principals and persons of authority, School Defendants should have known of the constitutional prohibitions against unreasonable seizures. Furthermore, in light of Plaintiffs' statements of what happened to Plaintiffs after the confrontation at school regarding their retaliation claim, and giving Plaintiffs the benefit of every reasonable inference, the Court will not grant School Defendants qualified immunity at this time.

Punitive Damages

Plaintiffs have asserted punitive damages claims against the defendants in their personal capacities. Punitive damages are available against state or local officials in their personal capacities when their conduct "is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S. Ct. 1625, 1640, 75 L. Ed. 2d 632 (1983); *Savarese v. Agriss*, 883 F.2d 1194, 1204 (3d Cir. 1989). Because the allegations in the Complaint have not yet been developed by discovery, it is the Court's view that denial of Plaintiff's claim for punitive damages would be pre-mature.

## IV. Conclusion

Therefore, the Court will grant in part and deny in part School Defendants' Motion to Dismiss. (Doc. 13). The Court will dismiss with prejudice (1) Defendant Mechanicsburg

Area School District from the case and (2) the malicious prosecution claim under both the Fourth and Fourteenth Amendments against Freeland and Bitz.  The Court will deny the motion to dismiss Counts I and II (excessive force and retaliation), and at this stage, the Court also will deny without prejudice (1) the defense of qualified immunity to School Defendants and (2) their request to dismiss punitive damages against them in their personal capacities.  Defendant Rissinger's Motion to Dismiss (Doc. 14) will be granted.

Finally, the Court will grant Plaintiffs the right to aver a state law claim of malicious prosecution in an amended complaint against all Defendants Freeland, Bitz, and Rissinger, which would be addressed to this Court's ancillary/supplemental jurisdiction and leave to do so shall be granted.

Robert D. Mariani
United States District Judge

## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS SCHMIDT** | : | |
| **CHELSIE SCHMIDT** | : | |
| **Plaintiffs** | : | |
| **v.** | : | **1:11-CV-1782** |
| | : | **(JUDGE MARIANI)** |
| **JEREMY FREELAND, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this **16TH DAY OF MARCH, 2012,** upon consideration of School Defendants' (Freeland and Bitz) Motion to Dismiss (Doc. 13), Defendant Rissinger's Motion to Dismiss (Doc. 14), and all accompanying briefs, **IT IS HEREBY ORDERED THAT:**

1.  Defendant Mechanicsburg Area School District is **DISMISSED WITH PREJUDICE** from the case.

2.  Defendants' (Freeland and Bitz) Motion to Dismiss (Doc. 13) is **GRANTED IN PART AND DENIED IN PART**.

    a.  The motion to dismiss is **GRANTED WITH PREJUDICE** with respect to **Count III** (malicious prosecution) under the Fourth and Fourteenth Amendments, but is **DENIED** with respect to **Counts I and II** (excessive force and retaliation).

    b.  The defense of qualified immunity is **DENIED WITHOUT PREJUDICE**.

14

    c. The request to dismiss the availability of punitive damages against Defendants Freeland Bitz is **DENIED WITHOUT PREJUDICE**.

3. Defendant Rissinger's Motion to Dismiss (Doc. 14) is **GRANTED WITH PREJUDICE** with respect to **Count III** (malicious prosecution) under the Fourth and Fourteenth Amendments.  Defendant Rissinger is hereby dismissed from the case as a defendant.

4. Plaintiffs have the right to aver a state law claim of malicious prosecution against Defendants Freeland, Bitz, and Rissinger, which would be addressed to this Court's ancillary/supplemental jurisdiction.

5. Plaintiffs are granted leave to file an amended complaint stating a cause of action for malicious prosecution under Pennsylvania law within **TWENTY-ONE (21) DAYS** of the date of this Order.

Robert D. Mariani
United States District Judge